IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BANK OF THE WEST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE VESSEL "LIQUID ASSETS," HER MAST, SAILS, RIGGING, ENGINE, ANCHORS, FURNITURE, EQUIPMENT AND OTHER APPURTENANCES, *IN REM* | ) |
| | ) |
| AND | ) |
| | ) |
| MARTIN BROOKS, *IN PERSONAM* <br> Serve at: 420 SE HACKAMORE DR <br> LEE'S SUMMIT, MO 64082 | ) |
| | ) |
| AND | ) |
| | ) |
| BRIANNA BROOKS, *IN PERSONAM* <br> Serve at: 420 SE HACKAMORE DR <br> LEE'S SUMMIT, MO 64082 | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

COMES NOW Plaintiff and for its Verified Complaint against that certain motorized Vessel (Official Coast Guard No. 1259635) as further defined herein (the "Vessel"), in rem, and Martin Brooks and Brianna Brooks, in personam, alleges:

## PARTIES

1. Bank of the West ("Plaintiff") is a California corporation in good standing, authorized to do business in Missouri.

2. The Vessel is a 2014 Regal 3200, called "Liquid Assets," Official Coast Guard No. 1259635, Serial Number RGMNC049E314, together with all masts, towers, boilers, cables, engines (specifically, but not limited to, a 2014 Volvo Penta V8 300 Sterndrive A243927 and a 2014 Volvo Penta V8 300 A243923), machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other attachments and accessories.

3. On information and belief, the Vessel is located at the Lake of the Ozarks in either Miller or Camden County, Missouri.

4. Defendant Martin Brooks ("Martin Brooks") resides in Jackson County and may be served at 420 SE Hackamore Drive, Lee's Summit, Missouri.

5. Defendant Brianna Brooks ("Brianna Brooks" and together with Martin Brooks, "Defendants") resides in Jackson County and may be served at 420 SE Hackamore Drive, Lee's Summit, Missouri.

## JURISDICTION

6. This is a case of admiralty and maritime jurisdiction under Fed. R. Civ. P. 9(h) and Supplemental Admiralty and Maritime Claims Rule C.

7. This action is brought under the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301 to 31343 and, in particular, 46 U.S.C. § 31325(b) to (c).

8. Venue is proper because, Defendants reside in and may be served in Jackson County, Missouri and, upon information and belief, the Vessel is located within the District of this Honorable Court on the Lake of the Ozarks in either Miller or Camden County, Missouri.

## COUNT I – *IN REM*

9. Plaintiff realleges the facts stated in foregoing paragraphs as though set forth in full.

10. On March 5, 2015, Defendants purchased the Vessel from Kelly's Port of Osage Beach, Missouri, as evidenced by a Buyer's Order and a Retail Installment Contract and Security Agreement (the "Contract"), true and correct copies of which are attached hereto as Exhibit A and incorporated by reference.

11. To fund that transaction, Defendants borrowed from Plaintiff the principal sum of $140,371.62 (the "Loan"), at an interest rate of 6.99% APR, to be repaid in 240 monthly payments of $1,087.46, commencing on April 4, 2015.

12. As security for the Loan, on March 5, 2014, Defendants executed in favor of Plaintiff a First Preferred Ship Mortgage (the "Mortgage") pertaining to the Vessel, which was duly filed with the U.S. Coast Guard's National Vessel Documentation Center.

13. Plaintiff holds a valid, binding and perfected first position lien against the Vessel, as indicated and established by the Mortgage and the U.S. Coast Guard's General Index or Abstract of Title, true and correct copies of which are attached hereto as Exhibit B and incorporated by reference.

3

DocID: 4850-5346-5244.2

Case 4:19-cv-00588-SRB   Document 1   Filed 07/26/19   Page 3 of 8

14. At all relevant times, the Vessel was documented under the laws of the United States.

15. Defendants have defaulted under the terms of the Retail Installment Contract and Security Agreement and the Mortgage by failing to make required monthly installment payments.

16. Defendants have been in default under the Loan since on or about February 4, 2019; and, despite having received a notice of default and right to cure and a subsequent demand to turn over the Vessel, Defendants have failed and refused to cure their past-due obligations under the Contract and the Mortgage and have failed to surrender possession of the Vessel.

17. After giving all credits due, as of July 15, 2019, Defendants are indebted to Plaintiff in the following amounts (the "Outstanding Indebtedness"):

| | |
|---|---:|
| Principal | $127,004.01 |
| Interest | $3,915.86 |
| Late charges | $128.19 |
| Fee Assessment | $185.00 |
| Total (as of July 15, 2019) | $131,233.06 |

18. In addition, Defendants are obligated for and the Vessel is subject to ongoing interest on the above-stated principal amount at the rate of $24.3221377 per day, from and after July 15, 2019, additional collection and recovery costs, court costs, and attorney fees incurred in connection with this action.

19. Based on currently available information, the estimated value of the Vessel ranges from $103,100.00 to $151,600.00, depending on condition.

4

DocID: 4850-5346-5244.2

Case 4:19-cv-00588-SRB   Document 1   Filed 07/26/19   Page 4 of 8

20. On information and belief, the Vessel has not been seized under any legal process, has not been taken for any tax assessment or fine, has not been levied by virtue of any law of the United States or the State of Missouri, and has not been seized under execution or attachment.

21. Because the Vessel is movable and easily damaged by misuse, Plaintiff is in danger of losing the Vessel unless immediate possession is obtained or it is otherwise secured.

WHEREFORE, Plaintiff prays for the following relief:

A. That process of arrest issue against the Vessel, as provided by Fed. R. Civ. P. Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C; that all persons asserting a right of possession or any ownership interest in the Vessel be cited to appear and answer the matters herein; and that the Vessel be seized, condemned and sold to satisfy the demands and claims herein, together with interest, collection and recovery costs, court costs, attorney fees, and other amounts as may be due and owing;

B. That the Mortgage be declared to be a valid and subsisting lien upon and against the Vessel, prior and superior to the interests, liens or claims of any and all persons and entities whatsoever; and

C. That Judgment be entered against the Vessel in rem in the amount of $131,233.06, plus additional interest, collection and recovery costs, court costs, force-placed insurance premiums, attorney fees, and such other amounts as may become due and owing from and after July 15, 2019, and that Plaintiff be entitled to proceed against Defendants in personam for any

5

DocID: 4850-5346-5244.2
Case 4:19-cv-00588-SRB   Document 1   Filed 07/26/19   Page 5 of 8

deficiency that may remain due and owing after applying the available proceeds of the sale of the Vessel to the outstanding indebtedness, and that Plaintiff have such other and further relief as the Court deems just and proper.

## COUNT II – *IN PERSONAM*

22. Plaintiff realleges the facts stated in foregoing paragraphs as though set forth in full.

23. Defendants are obligors under the Contract and are personally liable for the outstanding indebtedness under the Contract and the Mortgage or for any deficiency that may remain due and owing after applying the available proceeds from the sale of the Vessel.

24. There is an outstanding indebtedness under the Contract of $131,233.06, plus accrued interest after July 15, 2019, collection and recovery costs, force-placed insurance premiums, and attorney fees.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Defendants, in personam, in the amount of $131,233.06, plus accrued interest after July 15, 2019, collection and recovery costs, court costs, force-placed insurance premiums, and attorney fees, and such other amounts as may become due and owing, and further that Plaintiff be entitled to proceed against Defendants in personam for any deficiency that may remain due and owing after applying the available proceeds of the sale of the Vessel to the outstanding indebtedness, and that Plaintiff have such other and further relief as the Court deems just and proper.

6

HUSCH BLACKWELL LLP

*/s/ J. Michael Bridges*
J. Michael Bridges, MBN 41549
Laura C. Robinson, MBN 67733
901 E. St. Louis St., Suite 1800
Springfield, Mo. 65806
Telephone: 417-268-4000
Facsimile: 417-268-4040
michael.bridges@huschblackwell.com
laura.robinson@huschblackwell.com
**ATTORNEYS FOR PLAINTIFF**

THIS PLEADING IS FILED BY A DEBT COLLECTOR WHO IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Unless Defendant disputes the validity of this debt or any portion thereof within 30 days after receipt of this pleading, the debt will be assumed to be valid.

If Defendant notifies the undersigned in writing within said 30-day period that the debt, or any portion thereof, is disputed, the undersigned will obtain verification of the debt or, if applicable, a copy of any related judgment against Defendant, and a copy of the verification or judgment will be mailed to Defendant or his counsel by the undersigned.

Upon Defendant's written request within said 30-day period, the undersigned will provide the name and address of the original creditor, if different from the current creditor.

7

DocID: 4850-5346-5244.2
Case 4:19-cv-00588-SRB   Document 1   Filed 07/26/19   Page 7 of 8

## AFFIDAVIT AND VERIFICATION IN SUPPORT OF COMPLAINT

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF CONTRA COSTA )

April Curtis, being first duly sworn upon her oath, states the following:

1. I am over twenty-one (21) years of age; I have personal knowledge of and am competent to testify to the matters set forth in this Affidavit.

2. I am now and have been at all relevant times an officer of the Bank of the West; and I am authorized to make this Affidavit.

3. I have read and reviewed the attached Verified Complaint and, based on my knowledge, I believe the facts set forth are true and correct.

4. In addition, I have reviewed the exhibits attached to the Verified Complaint, and I am satisfied they are true and correct copies of the originals of the documents maintained in the files of Bank of the West and/or the United States agency from which such documents were obtained.

5. Plaintiff holds a valid, binding and perfected first position lien against the Vessel, as indicated and established by the exhibits attached to the Verified Complaint.

6. To my knowledge, the Vessel has not been seized under any legal process, has not been taken for tax assessment or fine, has not been levied by virtue of any law of the State of Missouri or otherwise, and has not been seized under execution or attachment.

7. Because the Vessel is movable and easily damaged by misuse, Plaintiff is in danger of losing the Vessel unless immediate possession is obtained or they are otherwise secured.

_____
April Curtis
Assistant Vice President
Bank of the West

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Subscribed and sworn to before me this 25 day of July 2019.

AIDA FERNANDEZ
Commission # 2123914
Notary Public - California
Contra Costa County
My Comm. Expires Sep 16, 2019

Notary Public
Print Name: Aida Fernandez

8

DocID: 4850-5346-5244.2