IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BANK OF THE WEST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-00588-SRB |
| | ) |
| MARTIN BROOKS and | ) |
| BRIANNA BROOKS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT
TO RULE 55(b) AGAINST DEFENDANTS MARTIN BROOKS AND
BRIANNA BROOKS UNDER COUNT II OF VERIFIED COMPLAINT AND
PLAINTIFF'S WITHDRAWAL OF RELIEF REQUESTED UNDER COUNT I**

COMES NOW Plaintiff Bank of the West ("Bank"), under Federal Rule of Civil Procedure 55(b), and moves the Court to enter default judgment against Defendants Martin Brooks and Brianna Brooks ("Defendants"), and each of them, under Count II of the Verified Complaint filed herein (the "Complaint"). In addition, the Bank withdraws its request for relief under Count I of the Complaint. The Bank states the following in support of this Motion:

**FACTUAL BACKGROUND**

On March 5, 2015, Defendants purchased a 2014 Regal 3200, called "Liquid Assets," Official Coast Guard No. 1259635, Serial Number RGMNC049E314, together with all masts, towers, boilers, cables, engines (specifically, but not limited to, a 2014 Volvo Penta V8 300 Sterndrive A243927 and a 2014 Volvo Penta V8 300 A243923), machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all

fishing and other attachments and accessories (hereafter, the "Vessel"). Defendants purchased the Vessel from Kelly's Port of Osage Beach, Missouri, as evidenced by a Buyer's Order and a Retail Installment Contract and Security Agreement (the "Contract"). Complaint (Doc. 1) ¶¶ 2, 10; Exhibit 1, Affidavit of April Curtis, attached hereto and incorporated by this reference.

To fund that transaction, Defendants borrowed from the Bank the principal sum of $140,371.62 (the "Loan"), at an interest rate of 6.99% APR, to be repaid in 240 monthly payments of $1,087.46, commencing on April 4, 2015. Complaint (Doc. 1) ¶ 11; Exhibit 1, Affidavit of April Curtis. As security for the Loan, on March 5, 2014, Defendants executed in favor of the Bank a First Preferred Ship Mortgage (the "Mortgage") pertaining to the Vessel, which was duly filed with the U.S. Coast Guard's National Vessel Documentation Center. Complaint (Doc. 1) ¶ 12; Exhibit 1, Affidavit of April Curtis. The Bank holds a valid, binding and perfected first position lien against the Vessel, as indicated and established by the Mortgage and the U.S. Coast Guard's General Index or Abstract of Title, true and correct copies of which are attached to the Complaint as Exhibit B and incorporated by reference; and at all relevant times, the Vessel was documented under the laws of the United States. Complaint (Doc. 1) ¶¶ 13, 14; Exhibit 1, Affidavit of April Curtis. Defendants are obligors under the Contract and are personally liable for outstanding indebtedness under the Contract and the Mortgage or for any deficiency that may remain due and owing after applying the available proceeds from the sale of the Vessel. Complaint (Doc. 1) ¶ 23; Exhibit 1, Affidavit of April Curtis.

Defendants defaulted under the terms of the Contract, Loan and Mortgage by failing to make required monthly installment payments. Complaint (Doc. 1) ¶¶ 15, 16; Exhibit 1, Affidavit of April Curtis. Specifically, Defendants have been in default under the Loan since on or about February 4, 2019; and, despite having received a notice of default and right to cure and a subsequent demand to turn over the Vessel, Defendants failed and refused to cure their past-due obligations under the Contract, the Loan and the Mortgage and, initially, failed to surrender possession of the Vessel, which prompted the filing of this lawsuit. Complaint (Doc. 1) ¶ 16; Exhibit 1, Affidavit of April Curtis.

After the Bank filed the Complaint, Defendants agreed to voluntarily relinquish possession of the Vessel to the Bank, thereby allowing the Bank to sell the Vessel through a nonjudicial sale. Exhibit 1, Affidavit of April Curtis. The Vessel was repossessed on October 8, 2019; and on October 22, 2019, the Bank mailed to Defendants a document titled Notice of Our Plan to Sell Property, a true and correct copy of which is attached to the Affidavit of April Curtis and which is incorporated by this reference. Exhibit 1, Affidavit of April Curtis. With the service and assistance of National Liquidators, a nationally recognized auction company that specializes in the marketing and sale of repossessed yachts and boats, the Bank sold the Vessel on December 16, 2019 (the "Sale"), to an individual named Richard Martin of Osage Beach, Missouri. Exhibit 1, Affidavit of April Curtis. The condition of the Vessel did not change from the date when the Bank had it repossessed until it was sold by National Liquidators on December 16, 2019; and from the date when the Vessel was

repossessed through the date of Sale the Vessel was kept in a secured storage area. Exhibit 1, Affidavit of April Curtis.

At the Sale, Richard Martin purchased the Vessel for the gross amount of $85,000.00, from which were deducted customary repossession and sale costs of $17,444.00 for a net sale amount of $67,556.00. Exhibit 1, Affidavit of April Curtis. Thereafter, on February 11, 2020, the Bank mailed to Defendants a document titled Explanation of Deficiency and Demand for Payment, a true and correct copy of which is attached to the Affidavit of April Curtis and which is incorporated by this reference. Exhibit 1, Affidavit of April Curtis. The deficiency amount stated in the Explanation of Deficiency and Demand for Payment, as of February 11, 2020, was $74,865.12, subject to the following caveat and condition:

> This deficiency balance is calculated, in part, based on the expenses and credits known to the Bank as of the date of this notice. Interest continues to accrue on the amount owed. Further, the deficiency balance may increase or decrease with the application of future debits, credits, and charges, rebates, and expenses currently unknown to the Bank (including expenses related to the repossession and sale of the collateral for which the Bank has not yet been billed).

Exhibit 1, Affidavit of April Curtis. As of March 6, 2020, after giving all credits, Defendants were and are indebted to the Bank in the amount of $82,796.74 (the "Outstanding Indebtedness"), as follows:

| | |
|---|---:|
| Principal | $73,021.73 |
| Interest | $2,086.03 |
| Attorney fees and court costs | $7,688.98 |
| Total (as of March 6, 2020) | $82,796.74 |

Exhibit 1, Affidavit of April Curtis.

In addition, Defendants are obligated for ongoing interest on the above-stated principal amount at the rate of $10.11 per day, from and after March 6, 2020; and all attorney fees and costs incurred from and after the date of default through date of judgment under the Contract and Loan. Complaint (Doc. 1) ¶¶ 10, 18; and Exhibit 1, Affidavit of April Curtis. From and after March 6, 2020, interest continues to accrue at the rate of $10.11 until the date of judgment; and, as stated, through March 6, 2020, the Bank has incurred attorney fees and court costs of $7,688.98 from and after default in connection with this action and anticipates incurring another $3,000.00 in attorney fees from March 6, 2020, through date of judgment. Exhibit 1, Affidavit of April Curtis.

**PROCEDURAL HISTORY**

This Court has in personam over Defendants and, prior to repossession and sale, had in rem jurisdiction over the Vessel, and venue is proper in this Court. See Rule C, Supp. Admiralty Rules, Fed. R. Civ. P.; Rule E, Supp. Admiralty Rules, Fed. R. Civ. P.; 46 U.S.C. § 31325(b)(1)(c). The Vessel was in the Western District of Missouri and was properly served within the district. This is an action within the Court's Admiralty and Maritime Jurisdiction, and is an admiralty and maritime claim within the meaning if Rule 9(h) of the Federal Rules of Civil Procedure.

On July 26, 2019, the Bank filed its Complaint against Defendants and the Vessel, seeking to foreclose the Mortgage, and included an action in rem against the Vessel and in personam against Defendants (Doc. 1). Defendants

5

HB: 4850-3643-3078.3
Case 4:19-cv-00588-SRB   Document 17   Filed 03/13/20   Page 5 of 14

Martin Brooks and Brianna Brooks, respectively, were served with this Court's summons and a service copy of the Complaint on August 2, 2019, and August 5, 2019, at their place of residence, 420 Southeast Hackamore Drive, Lee's Summit, Missouri.

After the Bank filed its Complaint, Defendants voluntarily relinquished possession of the Vessel to the Bank, thereby allowing the Bank to sell the Vessel through a nonjudicial sale. As stated above, on October 8, 2019, the Vessel was repossessed; on October 22, 2019, the Bank mailed to Defendants a document titled Notice of Our Plan to Sell Property; and on December 16, 2019, with the assistance of National Liquidators, the Vessel was sold for the net sale amount of $67,556.00.

On March 5, 2020, upon the Bank's Motion (Doc. 14), an Entry of Default by the Clerk of the Court was entered against Defendants Martin Brooks and Brianna Brooks (Doc. 16).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Further, "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

The default concedes the truth of the allegations of the Complaint (Doc. 1) regarding Defendants' liability under all counts brought against them. *See*

*Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1998); *see also Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (stating that the court takes as true all allegations in the complaint that relate to liability); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint related to liability are taken as true."); *Geddes v. Untied Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

A "default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir.1993)). However, a formal evidentiary hearing is not required to determine the amount of damages for purposes of default judgment as sworn affidavits and supporting documentation may support an award of damages. *H&R Block Enters. LLC v. Ascher*, 2015 WL 5008996, at *4 (W.D. Mo. Aug. 20, 2015); Fed. R. Civ. P. 55(a)(1).

## ANALYSIS

Defendants executed the Contract and Mortgage in favor of the Bank, which properly recorded the same with the U.S. Coast Guard. Thereafter, Defendants failed to pay the amount due under the Contract and Mortgage. Defendants have failed to answer the Complaint (Doc. 1) and, thus, the Bank is entitled to default judgment against Defendants.

7

**A. The Preferred Ship Mortgage was a valid mortgage.**

The United States Ship Mortgage Act (the "Ship Mortgage Act"), 46 U.S.C. §§ 31301 – 31343, governs mortgage liens on vessels. A preferred mortgage "is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel." 46 U.S.C. § 31325. Moreover, to be a preferred mortgage, the mortgage must include the whole of the vessel, be filed in substantial compliance with 46 U.S.C. § 31321, and cover a documented vessel. 46 U.S.C. § 31322.

Section 31321 sets forth the requirements for filing, recording, and discharging a preferred mortgage. To be valid, the mortgage must be filed with the U.S. Coast Guard at the vessel's home port. 46 U.S.C. § 31321(a)(1). Additionally, the mortgage must (1) identify the vessel; (2) state the name and address of each party to the instrument; (3) state, if a mortgage, the amount of the direct or contingent obligations (in one or more units of account as agreed to by the parties) that is or may become secured by the mortgage, excluding interest, expenses, and fees; (4) state the interest of the grantor, mortgagor, or assignor in the vessel; (5) state the interest sold, conveyed, mortgaged, or assigned; and (6) be signed and acknowledged. 46 U.S.C. § 31321(b).

Here, the Mortgage was filed with the U.S. Coast Guard at the Vessel's home port. See Complaint (Doc. 1) Exhibit B. The Mortgage identifies the Vessel as "Liquid Assets," along with the type of vessel and hull number. The Mortgage identifies both the mortgagor, Defendants Martin and Brianna

8

Brooks, and the mortgagee, Plaintiff Bank of the West, along with both of their addresses. The Mortgage states the amount of mortgage, $140,371.62. The Mortgage identifies Defendants as the owners of the Vessel, and grants to the Bank a mortgage of "the whole of the" Vessel. Finally, it is signed by Defendants and is properly notarized. *See id.* Thus, Plaintiff Bank of the West held a valid preferred mortgage under the Ship Mortgage Act.

**B. Defendants Brooks defaulted and, therefore, the Bank is entitled to a judgment entered against said Defendants.**

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Defendants were personally served with their respective summonses and a copy of the Complaint, but they did not answer or otherwise defend this action.

### 1. Liability of Defendants

Because Defendants have defaulted, they have admitted the truth of the allegations pleaded by Plaintiff Bank of the West. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1998). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotations omitted).

Construing the allegations of the Complaint (Doc. 1) as true, the Bank has sufficiently alleged that Defendants defaulted on their obligations under the terms of the Contract and the Mortgage. The Contract states that

Defendants "will be in default on this Contract if any one of the following occurs . . . you fail to perform any obligation that you have undertaken in this Contract." Complaint (Doc. 1) Exhibit A. One of the obligations Defendants undertook was to make 240 monthly payments in the amount of $1,087.46. Paragraph 19 of the Mortgage states that Defendants will be in default if they do "not make payment when payment is due," or if they break any promise made in the Mortgage or the Contract. Complaint (Doc. 1) Exhibit B.

The Complaint (Doc. 1) states that Defendants have been in default under the Contract for failure to make required monthly payments from on or about February 4, 2019. Complaint (Doc. 1) ¶¶ 15, 16. Because Defendants failed to make payments when due, they defaulted under the terms of the Mortgage and the Contract. Therefore, Plaintiff Bank of the West is entitled to judgment against Defendants for all amount due and owing after the repossession and Sale of the Vessel, as allowed under the Contract and the Mortgage.

### 2. Damages Requested by Plaintiff Bank of the West

Plaintiff Bank of the West is entitled to monetary damages in the total amount of $82,796.74, plus additional interest and attorney fees accrued after March 6, 2020, as discussed in detail below. See Exhibit 1, Affidavit of April Curtis.

#### a. The remaining principal due under the Mortgage

The principal amount of the loan made by the Bank to Defendants was $140,371.62.00 at an interest rate of 6.99% APR, to be repaid in 240 monthly

payments of $1,087.46, commencing on April 4, 2015. Exhibit 1, Affidavit of April Curtis; Complaint (Doc. 1) Exhibit A. Defendants defaulted on the Contract on or about February 4, 2019, and, after the repossession and Sale of the Vessel, the remaining principal balance is $73,021.73. Exhibit 1, Affidavit of April Curtis.

### b. Interest, late charges, and collection fees due

"In admiralty cases prejudgment interest 'should be granted in the absence of exceptional circumstances." *Am. Oil Trading, Inc. v. M/V SAVA*, 47 F. Supp. 2d 348, 353 (E.D.N.Y. 1999) (quoting *Magee v. United States Lines, Inc.*, 976 F.2d 821, 822 (2d Cir. 1992)). Additionally, here the Contract provides for the payment of interest, late charges, and collection fees. Complaint Exhibit A, Contract; Exhibit 1, Affidavit of April Curtis. Here, the Bank is entitled to $2,086.03 in interest as of March 6, 2020; with per diem interest from March 6, 2020, through date of judgment of $10.11. Exhibit 1, Affidavit of April Curtis.

### c. Attorneys' fees and court costs

The Bank also seeks an award of not less than $7,688.98 in attorney fees and court costs. "The general rule is that the award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith" but district courts "may also award fees pursuant to an applicable statute or contract between the parties." *Apex Mar. Co., Inc. v. Furniture, Inc.*, 2013 WL 2444151, at *4 (E.D.N.Y. June 5, 2013). Here, the Contract provides for the payment of attorney's fees not exceeding 15% of the unpaid balance,

along with court costs. Complaint (Doc. 1) Exhibit A. Through March 6, 2020, the Bank had incurred attorney fees in the amount of $7,688.98; and it is estimated the Bank will incur an additional $3,000.00 in attorney fees from that date through the date of judgment; and the Bank also requests judgment for that full amount, which is less than the 15% cap stated in the Contract. Exhibit 1, Affidavit of April Curtis.

### d. Costs related to repossession, repair, storage, sale of the Vessel

The Bank also seeks costs related to the repossession, repair, storage and sale of the Vessel, which costs were deducted from the gross proceeds from the Sale. The Bank incurred a total of $17,444.00 in such costs. See Exhibit 1, Affidavit of April Curtis. The Contract states that Defendants agrees to pay "fees for repossession, repair, storage and sale" of the Vessel. Complaint (Doc. 1) Exhibit A. Therefore, the Bank is entitled to payment of these costs.

### e. Total amount owed as of March 6, 2020

Based on the foregoing, the total owed under the Contract, as of March 6, 2020, is as follows:

| | |
|---|---:|
| Principal | $73,021.73 |
| Interest | $2,086.03 |
| Attorney fees and court costs | $7,688.98 |
| Total (as of March 6, 2020) | $82,796.74 |

See Exhibit 1, Affidavit of April Curtis.

12

HB: 4850-3643-3078.3
Case 4:19-cv-00588-SRB   Document 17   Filed 03/13/20   Page 12 of 14

## CONCLUSION

Because Defendants Martin and Brianna Brooks did not defend against the Bank's claims, default judgment should be entered against said Defendants and in favor of the Bank.

WHEREFORE, Plaintiff Bank of the West prays that this Court enter judgment in favor of Bank of the West and against Defendants Martin E. Brooks and Brianna Brooks, and each of them, in the amount of $82,796.74, plus all additional accrued interest from March 6, 2020, through the date of judgment and additional attorney fees of $3,000.00; and for such other and further relief as the Court deems just and proper.

**HUSCH BLACKWELL LLP**

*/s/ J. Michael Bridges*
J. Michael Bridges, MBN 41549
Laura C. Robinson, MBN 67733
901 E. St. Louis St., Suite 2400
Springfield, Mo. 65806
Telephone:  417-268-4000
Facsimile:  417-268-4040
michael.bridges@huschblackwell.com
laura.robinson@huschblackwell.com
**ATTORNEYS FOR PLAINTIFF**

THIS PLEADING IS FILED BY A DEBT COLLECTOR WHO IS
ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

**CERTIFICATE OF SERVICE**

       The undersigned certifies that a true copy of the above and foregoing was served by U.S. Mail, postage prepaid, and/or by email, on March 13, 2020, to the following:

| | |
|---|---|
| MARTIN BROOKS<br>420 Southeast Hackamore Drive<br>Lee's Summit, Missouri 64082 | BRIANNA BROOKS<br>420 Southeast Hackamore Drive<br>Lee's Summit, Missouri 64082 |
| THE VESSEL LIQUID ASSETS<br>c/o MARTIN BROOKS<br>420 Southeast Hackamore Drive<br>Lee's Summit, Missouri 64082 | Allison Page<br>U.S. Marshals Service<br>400 E 9th Street, Suite 3740<br>Kansas City, MO<br>Allison.Page@usdoj.gov |

                                        */s/ J. Michael Bridges*
                                        Attorney