IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BANK OF THE WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00588-SRB |
| ) | |
| MARTIN BROOKS AND ) | |
| BRIANNA BROOKS, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Plaintiff's Motion for Default Judgment Pursuant to Rule 55(b) Against Defendants Martin Brooks and Brianna Brooks Under Count II of Verified Complaint and Plaintiff's Withdrawal of Relief Requested Under Count I. (Doc. #17). For the reasons stated below, the motion is GRANTED.

## I. BACKGROUND

Since Defendant Martin Brooks and Briana Brooks have failed to defend or otherwise respond to this action and default has been entered, the following factual allegations contained in Plaintiff Bank of the West's verified complaint are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). On March 5, 2015, Defendants purchased a 2014 Regal 3200 boat named "Liquid Assets" ("the Vessel") from Kelly's Port of Osage Beach, Missouri.[1] That sale was evidenced by a Buyer's Order and a Retail Installment Contract and Security Agreement (the "Contract").

---

[1] The Vessel is identified as the following: Official Coast Guard No. 1259635, Serial Number RGMNC049E314, together with all masts, towers, boilers, cables, engines (specifically, but not limited to, a 2014 Volvo Penta V8 300 Sterndrive A243927 and a 2014 Volvo Penta V8 300 A243923), machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other attachments and accessories. (Doc. #17, pp. 1–2).

To fund their purchase of the Vessel, Defendants borrowed from Bank of the West a sum of $140,371.62 (hereinafter, the "Loan") at an interest rate of 6.99% APR, to be repaid in 240 monthly installment payments of $1,087.46 beginning April 4, 2015. As security for the Loan, Defendants executed in favor of Bank of the West a First Preferred Ship Mortgage (the "Mortgage"). Bank of the West filed the Mortgage with the U.S. Coast Guard's National Vessel Documentation Center. Under the terms of the Contract, Defendants are obligors and are personally liable for outstanding indebtedness under the Contract and the Mortgage or for any deficiency that may remain due and owing after applying the available proceeds from the sale of the Vessel.

On February 4, 2019, Defendants failed to make the monthly installment payments required under the terms of the Contract, Loan, and Mortgage. Defendants were given a notice of default and the right to cure, and Bank of the West later demanded they turn over the Vessel. Defendants did not cure their past-due obligations or surrender the Vessel. Bank of the West commenced suit on July 26, 2019, filing a verified complaint asserting an *in rem* action against the Vessel and an *in personam* claim against Defendants pursuant to the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301 to 31343. (Doc. #1). Defendants were served with the summons and complaint. Soon after,[2] Defendants voluntarily relinquished the Vessel. After the Vessel was repossessed on October 8, 2019, it sold for $85,000 at a nonjudicial sale on December 16, 2019. Bank of the West deducted $17,444 in accumulated repossession and sales fees from the sales price, resulting in a net sales amount of $67,556. On February 11, 2020,

---

[2] On September 24, 2019, upon finding the conditions for an *in rem* action appeared to exist under Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (specifically, Rule C(3)(a)(i)), this Court issued a maritime arrest warrant. (Doc. #11). However, on September 27, 2019, Plaintiff Bank of the West filed a motion to stay all proceedings, stating Defendants had voluntarily relinquished the Vessel. (Doc. #12, p. 2).

Bank of the West mailed an Explanation of Deficiency and Demand for payment to Defendants, notifying them they owed $74,865.12 and that any interest on the amount owed would continue to accrue.

At no point did Defendants respond to Bank of the West's complaint or otherwise enter an appearance. On March 4, 2020, Bank of the West filed a motion asking the Clerk of the Court for an Entry of Default pursuant to Federal Rule of Civil Procedure 55(a), stating Defendants had failed to plead or otherwise defend against this action. (Doc. #14). The Clerk entered default on March 5, 2020. (Doc. #16). Bank of the West filed its instant motion for default judgment pursuant to Rule 55(b) on March 13, 2020.

## II. LEGAL STANDARD

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "[E]ntry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Once a default is entered, the defendant "has no further standing to contest the factual allegations of plaintiff's claim for relief" and he "is deemed to have admitted all well pleaded allegations in the complaint." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (citation omitted); *see also Murray*, 595 F.3d at 871 ("Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true[.]"). A court must then review the complaint and "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Murray*, 595 F.3d at 871).

"If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the amount of the default judgment must be ascertained." *Adventure Creative Grp., Inc. v. CVSL, Inc.*, 412 F.Supp.3d 1065, 1069 (D. Minn. 2019) (citation omitted); *see also Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (noting default judgment cannot be entered "until the amount of damages has been ascertained"). When determining the amount of damages, a court may hold an evidentiary hearing or may instead rely upon affidavits and documentary evidence supplied by the plaintiff. *Robinson Mech. Contractors Inc. v. PTC Grp. Holdings Corp.*, No. 1:15-CV-77 SNLJ, 2017 WL 3839702, at *2 (E.D. Mo. Sept. 1, 2017) (citing *Taylor*, 859 F.2d at 1333). Whether an evidentiary hearing is necessary to determine the amount of plaintiff's damages is a decision committed to the discretion of the district court. *See Taylor*, 859 F.2d at 1333; *see also Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015) (holding that since the amount of plaintiff's damages "was readily discernable on the basis of undisputed evidence in the record, it was not an abuse of discretion to award actual damages without an evidentiary hearing").

### III. DISCUSSION

Since Defendants have failed to answer or otherwise appear in this matter and the Clerk's Office has entered default, Bank of the West is entitled to default judgment. Fed. R. Civ. P. 55. Consequently, this Court deems admitted all well-pleaded factual allegations in Bank of the West's complaint. *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Taylor*, 859 F.2d at 1333 n.7). However, by defaulting Defendants do not admit to any conclusions of law raised in Bank of the West's complaint. It remains this Court's task to determine if Bank of the West's allegations constitute a legitimate cause of action and, if so, ascertain the amount of damages to which Bank of the West is entitled.

### A. Liability

The United States Ship Mortgage Act, 46 U.S.C. §§ 31301–31343, governs mortgage liens on vessels. A preferred mortgage "is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel." 46 U.S.C. § 31325. To be valid, a preferred mortgage must include "the whole" of the vessel, be filed in substantial compliance with 46 U.S.C. § 31321, and cover a documented vessel. 46 U.S.C. § 31322. Here, the allegations and supplemental evidence establish that Defendants executed the Contract and Mortgage in favor of Bank of the West, which recorded the Mortgage with the U.S. Coast Guard at the Vessel's home port. The Mortgage lists the amount of the mortgage, identifies Defendants as the owners of the Vessel, grants Bank of the West a mortgage of "the whole" of the Vessel, and contains the necessary informational disclosures required by 46 U.S.C. § 31321(b). In turn, Bank of the West holds a valid, binding, and perfected first-position lien against the Vessel.

Additionally, the Court finds Bank of the West's well-pleaded allegations demonstrate that Defendants defaulted under the terms of the Contract, Loan, and Mortgage. Defendants ceased paying their monthly installment payments on the Vessel in February 2019, and under the terms of the Contract and the Mortgage, any failure to comply with an obligation or promise in those agreements constitutes a default. The taken-as-true allegations establish a legitimate cause of action for Bank of the West under admiralty law. Bank of the West is thus entitled to a judgment against Defendants for all indebtedness owed and due following the repossession and sale of the Vessel as permitted under the terms of the Contract and Mortgage.

### B. Damages

Bank of the West requests this Court issue a judgment awarding the following damages: (1) the remaining principal due under the Mortgage; (2) interest, late charges, and collection fees;

and (3) attorneys' fees and court costs.[3] In the context of default judgment, a plaintiff must prove its damages with reasonable certainty. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001). Given that Bank of the West's claimed damages are readily calculable and well-supported by the affidavits, exhibits, and evidence submitted with the complaint as well as the instant motion, the Court finds an evidentiary hearing is not necessary to determine the amount of damages. *See Taylor*, 859 F.2d at 1333 (upholding a district court's decision to not hold an evidentiary hearing because "the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record").

### a. Remaining Principal Due Under the Mortgage

Bank of the West claims the remaining principal balance due on the Mortgage totals $73,021.73. (Doc. #17, p. 11). The affidavit of Bank of the West's Assistant Vice President April Curtis, along with the documents incorporated by reference with that affidavit, support that figure. The principal loan made by Bank of the West to Defendants was for $140,371.62 at an interest rate of 6.99% APR, to be repaid in 240 monthly payments of $1,087.46 commencing on April 4, 2015. (Doc. #17-1, ¶ 6). After Defendants defaulted, the Vessel was repossessed and sold at a non-judicial sale for $85,000, with net proceeds totaling $67,556 after deducting the $17,444 in accumulated expenses incurred by the repossession and sale of the Vessel. (Doc. #17-1, ¶¶ 14–17). In total, the remaining principal due under the Mortgage is $73,021.73.

---

[3] In its instant motion, Bank of the West claims it is also entitled to costs related to the repossession, repair, storage, and sale of the Vessel, which total $17,444. (Doc.#17, p. 12). However, that specific damage is omitted from Bank of the West's calculations for the total amount it is owed. Given the omission of that amount from Bank of the West's own damage calculations, the Court declines to include this enumerated damage category when calculating Bank of the West's total owed judgment.

### b. Interest[4]

Bank of the West additionally requests interest pursuant to both the terms of the Contract and under relevant admiralty law. *See, e.g.*, *Am. Oil Trading, Inc. v. M/V SAVA*, 47 F.Supp.2d 348, 353 (E.D.N.Y. 1999) ("In admiralty cases prejudgment interest 'should be granted in the absence of exceptional circumstances.'") (quoting *Magee v. United States Lines, Inc.*, 976 F.2d 821, 822 (2d Cir.1992)). Bank of the West claims that it is entitled to $2,086.03 in interest as of March 6, 2020, with an additional per diem interest from March 6th through date of judgment of $10.11. (Doc. #17, p.11). The Explanation of Deficiency and Demand for Payment issued to Defendants by Bank of the West supports that figure. In total, the interest payment as of the date of judgment is $2,358.73.

### c. Attorneys' Fees and Court Costs

Bank of the West also seeks $10,688.98 in attorneys' fees and court costs pursuant to the terms of the Contract, which provide that in the event of default Defendants agree to pay for any incurred attorneys' fees up to fifteen percent of the unpaid balance. (Doc. #1-1, p. 7). As of March 6, 2020, Bank of the West had incurred $7,688.98 in attorneys' fees. The affidavit of Bank of the West's Assistant Vice President April Curtis confirms that figure. (Doc. #17-1, ¶¶ 23, 26). Additionally, Bank of the West estimates it will incur an additional $3,000 in attorneys' fees from March 6th through the date of judgment. The Court finds that sum to be reasonable, just, and proper. In turn, the total attorneys' fees awarded to Bank of the West is $10,688.98.

---

[4] In its instant motion, Bank of the West requests "interest, late charges, and collection fees," but it only identifies and calculates the amount of interest owed under the terms of the Contract and Mortgage. (Doc. #17, p. 11). It does not identify what late charges and collection fees, if any, Bank of the West is entitled to. Given that omission, the Court does not include late charges or collection fees Bank of the West may be owed in calculating Bank of the West's total owed judgment.

In sum, Bank of the West is entitled to default judgment for a total award of $86,069.44, with interest accruing thereon at the federal statutory rate from and after April 2, 2020.

IV. **CONCLUSION**

Accordingly, Plaintiff Bank of the West's Motion for Default Judgment Pursuant to Rule 55(b) Against Defendants Martin Brooks and Brianna Brooks Under Count II of Verified Complaint and Plaintiff's Withdrawal of Relief Requested Under Count I (Doc. #17) is hereby **GRANTED**.

Count II of Bank of the West's Verified Complaint is granted in favor of Bank of the West and against Martin Brook and Brianna Brooks, jointly and severally, in the amount of $86,069.44, with interest accruing at the federal statutory rate beginning April 2, 2020. Given that Bank of the West withdraws the relief requested under Count I of its Verified Complaint, Count I is dismissed without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 2, 2020